IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 13-007 SI |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR DISCOVERY** |
| v. | |
| JOSE SOLTERO, | |
| Defendant. | |

Defendant's motion for discovery came on for hearing on May 22, 2013. For the following reasons, and after having considered the papers filed and argument made, the Court GRANTS in part and DENIES in part defendant's motion.

**DISCUSSION**

On January 8, 2013, defendant Jose Soltero was indicted on five counts of Hobbs Act Extortion (18 U.S.C. § 1951(a)) and three counts of Impersonating a Federal Officer or Employee to Commit Extortion (18 U.S.C. § 872). At the time of the alleged offenses, defendant was working as a confidential informant ("CI") for a law enforcement officer. Defendant worked as a CI from at least 2008[1] until September 26, 2011, when he was "de-activated" at the officer's request following defendant's arrest on these charges. Defendant has been accused of extortion by three drug dealers – Kevin Lieu, Sam Mac and Eric Tran. Those men claim that defendant impersonated a federal Narcotics Task Force officer, and that defendant demanded bribes in exchange for protecting their marijuana

---

[1] The government states that Soltero has been a "career" CI since 2001, while defendant states he has been a CI since at least August 2008.

growing operations from attracting the attention of law enforcement, and to keep members of their circle from being arrested.

Defendant seeks discovery that he asserts is material to preparing his defense that at the time of the alleged extortion, defendant was providing nearly all the money he allegedly received to the law enforcement officer for whom he was working as a CI. Defendant seeks the discovery pursuant to Rule 16 and *Brady v. Maryland*, 373 U.S. 83 (1967), and he argues that the discovery is relevant to developing the defenses that he acted under duress, pursuant to public authority, that he was entrapped, or that he lacked the intent to commit the offense at all. Defendant also asserts that the discovery is relevant to investigating a possible government misconduct motion based on the fact that defendant's "longtime lawyer" is representing one of the alleged victims in this case (Tran), "that the government knew that this was the case during its investigation but elected to do nothing about it," and that "the government's possible failure to warn of that conflict or to take any corrective action could prejudice Mr. Soltero's defense." Motion at 2:2-5. Defendant also states that the government has produced a number of "very brief" FBI interview memoranda which "do not contain any discussion of certain critical questions that any investigator would have asked the witness," namely whether the law enforcement officer contacted the prosecutors involved in the extortion victims' criminal cases and intervened (or attempted to intervene) on their behalf. *Id.* at 2:22-24. Defendant asserts that these circumstances create the inference that either agents deliberately did not ask the key questions, or that they asked them and did not record the answers, potentially because the answers were helpful to defendant.

"Rule 16 of the Federal Rules of Criminal Procedure grants defendants a broad right to discovery, providing that '[u]pon a defendant's request, the government must permit the defendant to inspect and to copy or photograph . . . documents . . . within the government's possession, custody, or control . . . [that are] material to preparing the defense . . . .'" *United States v. Doe*, 705 F.3d 1134, 1150 (9th Cir. 2013) (quoting Fed. R. Crim. P. 16(a)(1)(E)(I)). "To receive discovery under this Rule, the defendant must make a threshold showing of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense." *Id.* (internal quotations omitted). In reviewing a defendant's request for discovery under Rule 26, the

2

question is whether the information will help the defendant in preparing a defense, not whether the information will ultimately prove a defense. *Id.* at 1151 ("Even if the documents caused Doe to completely abandon the entrapment defense and take an entirely different path, the documents would still have been 'material to preparing the defense' under Rule 16(a)(1)(E)(I)).")

The Court finds that the discovery sought by defendant is material under *Brady* and should be produced because the evidence is relevant to developing a number of potential defenses, including defendant's claim that he acted under duress because the officer provided protection to defendant and threatened to "go after" defendant's family if he talked. During the hearing, the government agreed to produce a number of the discovery items at issue. This order memorializes those agreements, and directs the government to produce additional discovery as follows:

1. <u>Discovery related to the law enforcement officer</u>

The government is ordered to search the seized emails, but only after providing notice to the officer and affording him/her an opportunity to object. The Court directs the government to provide notice to the officer forthwith.

The government shall produce the officer's bank records to the defendant so the defendant can have those records examined by a forensic accountant.

The government agreed to allow defense counsel to review the search warrant affidavit, and the Court so orders.

Defendant also seeks information about the officer's disciplinary history, including instances of alleged or proven misconduct, dishonesty or wrongdoing. In the parties' meet and confer, the government responded, *inter alia*, that it is conducting a "*Garrity* review of that information for compelled statements." However, as defendant correctly argues, *Garrity v. New Jersey*, 385 U.S. 493, 500 (1967), prohibits the use of an officer's compelled statements against the officer in a subsequent criminal proceeding, and does not provide a basis for withholding material or exculpatory information from defendant. *See In re Grand Jury Subpoenas Dated Dec. 7 and 8, Issued to Bob Stover*, 40 F.3d 1096, 1102 (10th Cir. 1994) (holding disclosure of compelled police officer statements to a grand jury did not violate Constitution because "the Constitution is violated only when the compelled statement,

1 or the fruit of that statement, is used against the officer in a subsequent criminal proceeding."). To the extent the government has not produced all responsive material regarding the officer's disciplinary history, the government is ordered to do so.

2. <u>Rough notes</u>

The government agreed to review all of the rough notes for any references to whether questions were asked of prosecutors or other interview witnesses regarding whether the law enforcement officer interceded in any way on behalf of the alleged extortion victims. If such questions were asked and/or answered, the government must provide that information to defendant.

3. <u>Redacted information in 302</u>

The government agreed to review the redaction identified by defendant and will engage in a further meet and confer with defense counsel regarding that redaction.

4. <u>Information regarding why the FBI did not interview certain witnesses</u>

At the hearing, the government's counsel stated that there are no documents that memorialize why certain witnesses were not interviewed. Accordingly, based upon this representation, the Court finds that defendant's request is moot.

5. <u>Discovery related to the "longtime" lawyer</u>

Defendant seeks discovery related to his "longtime lawyer" who is also representing one of the alleged extortion victims. The government represents that it has produced all responsive documents (although the government has not searched the law enforcement officer's emails for emails between the officer and the lawyer). The Court finds that, aside from the further search of the officer's emails which will be addressed in subsequent proceedings, this request has been satisfied.

6. <u>All impeachment information relating to Kevin Lieu, Sam Mac and Eric Tran</u>:

The government represents that it has produced all responsive documents, and at the hearing defense counsel did not contest this matter. Accordingly, the Court finds that this request is now moot.

## CONCLUSION

For the foregoing reasons, defendant's motion is GRANTED in part and DENIED in part. Docket No. 8.

**IT IS SO ORDERED.**

Dated: May 23, 2013

SUSAN ILLSTON
United States District Judge